# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

```
* * * * * * * * * * * * * * * * * * *
ERWIN EVANS,                        *
                                    *   No. 20-527V
                                    *   Special Master Christian J. Moran
            Petitioner,             *
                                    *
v.                                  *
                                    *   Filed: February 9, 2022
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *   Entitlement; dismissal.
                                    *
            Respondent.             *
* * * * * * * * * * * * * * * * * * *
```

<u>Bruce W. Slane</u>, Law Office of Bruce W. Slane, P.C., White Plains, NY, for petitioner;
<u>Zoe Wade</u>, United States Dep't of Justice, Washington, D.C., for respondent.

### UNPUBLISHED DECISION DENYING COMPENSATION[1]

Erwin Evans alleged that the influenza ("flu") vaccine he received on September 12, 2017, caused him to suffer from polyarthralgia, polyneuropathy, peripheral neuropathy, myalgias, paresthesia, arthritis, and vertigo. Pet., filed Apr. 28, 2020, at Preamble. On February 3, 2022, Mr. Evans moved for a decision dismissing his petition.

### I.   Procedural History

Erwin Evans ("petitioner") filed a petition on April 28, 2020. After petitioner filed his initial medical records, the Secretary filed his Rule 4(c) report

---

[1] The E-Government, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

on October 23, 2020, contesting entitlement. A status conference was then held on November 4, 2020, and petitioner was ordered to file an expert report.

Petitioner filed an expert report from Dr. David Axelrod along with medical literature on February 9, 2021. Dr. Axelrod opined that the flu vaccination caused petitioner to suffer reactive arthritis. Respondent filed responsive expert reports from Dr. Chester Oddis on May 28, 2021 and from Dr. Lindsay Whitton on June 29, 2021. Dr. Oddis opined that enteric infection caused petitioner's reactive arthritis. Petitioner filed a supplemental report from Dr. Axelrod on September 30, 2021. Respondent filed a second responsive report from Dr. Whitton on November 19, 2021. During the December 8, 2021 status conference, petitioner announced he would not file any more expert reports. See order, issued Dec. 9, 2021.

Based on the evidence and the parties' reports, the undersigned issued tentative findings on January 5, 2022. Subsequently, on February 3, 2022, petitioner moved to dismiss his petition.

This matter is now ready for adjudication.

## II.   Analysis

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1).

In this case, petitioner filed medical records and expert reports in support of his claim, but nonetheless, wish to have his claim dismissed and judgment entered against him. Though petitioner filed this motion pursuant to 42 U.S.C. § 300aa—21(a) (regarding voluntary dismissal), the undersigned will construe this as a motion filed pursuant to 42 U.S.C. § 300aa—21(b) (regarding involuntary dismissal), given petitioner's clear intent that a judgment issue in this case, protecting his right to file a civil action in the future. See Pet'rs' Mot., filed Feb. 3, 2022, ¶ 8.

2

To conform to section 12(d)(3), a decision must "include findings of fact and conclusions of law." Here, although the parties were in the process of presenting arguments, the evidence weighs against a finding that the flu vaccine can cause reactive arthritis. The evidence also preponderates against finding that the flu vaccine did cause petitioner's reactive arthritis.

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED WITH PREJUDICE for insufficient proof. The Clerk shall enter judgment accordingly.** See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

s/Christian J. Moran<br>
Christian J. Moran<br>
Special Master