# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
ERWIN EVANS,                          *
                                      *    No. 20-527V
                Petitioner,           *
                                      *    Special Master Christian J. Moran
                                      *
v.                                    *    Filed: May 19, 2023
                                      *
SECRETARY OF HEALTH                   *    Attorneys' Fees and Costs
AND HUMAN SERVICES,                   *
                                      *
                Respondent.           *
* * * * * * * * * * * * * * * * * * * *
```

Bruce W. Slane, Law Office of Bruce W. Slane, P.C., White Plains, NY, for Petitioner;
Zoe Wade, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Erwin Evans' motion for final attorneys' fees and costs. He is awarded **$57,624.28.**

* * *

On April 28, 2020, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34.

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

Petitioner alleged that the influenza vaccine he received on September 12, 2017, caused him to suffer from polyarthralgia, polyneuropathy, peripheral neuropathy, myalgias, paresthesia, arthritis, and vertigo. Respondent filed his report contesting entitlement on October 23, 2020, and the parties submitted expert reports, with petitioner retaining Dr. David Axelrod and respondent retaining Dr. Chester Oddis and Dr. J. Lindsay Whitton. On January 5, 2022, the undersigned issued his tentative finding denying entitlement. Thereafter, on February 3, 2022, petitioner filed a motion to voluntarily dismiss his petition pursuant to Rule 21(b) and on February 9, 2022, the undersigned granted petitioner's motion and dismissed the petition for insufficient proof. 2022 WL 611552 (Fed. Cl. Spec. Mstr. Feb. 9, 2022).

On May 26, 2022, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $40,300.20 and attorneys' costs of $20,901.09 for a total request of $61,201.29. Fees App. at 1-2. Pursuant to General Order No. 9, petitioner warrants that he has not personally incurred any costs related to the prosecution of her case. Id. Ex. 3. On August 17, 2022, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs.  Id. at 3. Petitioner did not file a reply thereafter.

*     *     *

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, although petitioner's claim was ultimately unsuccessful the undersigned finds that good faith and reasonable basis existed throughout the matter. Respondent has also indicated that he is satisfied that the claim has good faith and reasonable basis. Respondent's position greatly contributes to the finding of reasonable basis.  See Greenlaw v. United States, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.").  A final award of reasonable attorneys' fees and costs is therefore proper in this case and the remaining question is whether the requested fees and costs are reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

A.    Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following rates of compensation for the work of his counsel: for Mr. Bruce Slane, $345.00 per hour for work performed in 2018, $355.00 per hour for work performed in 2019, $365.00 per hour for work performed in 2020, $375.00 per hour for work performed in 2021, and $400.00 per hour for work performed in 2022; and for Mr. Christian Martinez, $200.00 per hour for work performed in 2018, $215.00 per hour for work performed in 2019, $225.00 per hour for work performed in 2020, $235.00 per hour for work performed in 2021, and $265.00 per hour for work performed in 2022. The undersigned has reviewed the requested rates and finds them to be reasonable and consistent with what special masters have previously awarded to Mr. Slane and his associates for their Vaccine Program work. See, e.g. Voag v. Sec'y of Health & Human Servs., No. 20-1359V, 2023 WL 183400 (Fed. Cl. Spec. Mstr. Jan. 13, 2023); Williamson v. Sec'y of Health & Human Servs., No. 16-1607V, 2020 WL

6578250 (Fed. Cl. Spec. Mstr. Oct. 2, 2020). Accordingly, the requested rates are reasonable.

B.      Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed.  Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds that a small overall reduction is necessary. First, a minor amount of time was billed for administrative tasks such as preparing and filing medical records. See Guerrero v Sec'y of Health & Human Servs., No. 12-689V, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015) (citing cases), mot. for rev. den'd in relevant part and granted in non-relevant part, 124 Fed. Cl. 153, 160 (2015), app. dismissed, No. 2016-1753 (Fed. Cir. Apr. 22, 2016). The undersigned also notes that excessive time was billed for certain minor tasks, such as reviewing minute entries and CMECF generated notifications for filings that were made by petitioner. In the undersigned's experience, even 0.1 hours is too much to bill for review of such notifications.

Additionally, a reduction must be made due to the overall vagueness of counsel's billing entries, particularly those concerning communication with petitioner or counsel for respondent. As the Federal Circuit has previously ruled, disclosure of the general subject matter of billing statements does not violate attorney-client privilege and billing entries for communication should contain some indication as to the nature and purpose of the communication. See Avgoustis v. Shinseki, 639 F.3d 1340, 1344-45 (Fed. Cir. 2011). In the instant case, the majority of billing entries concerning communication do not contain any indication of the topic of that communication, making it difficult for the undersigned to determine whether such communication was necessary and reasonable.

Based upon the undersigned's overall perception of the time billed after review, a reduction of five percent is appropriate in order to achieve "rough justice." See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011). Petitioner is therefore awarded final attorneys' fees of $38,285.19.

C.     Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioner requests a total of $20,901.09 in attorneys' costs. This amount is comprised of acquiring medical records, postage charges, travel costs to meet with petitioner, the Court's filing fee, and work performed by petitioner's expert, Dr. David Axelrod. Dr. Axelrod's billing entries do not contain the requisite specificity typically preferred by the undersigned, somewhat frustrating the undersigned's ability to determine whether the hours billed reviewing literature and records or conducting research were reasonable. See Instructions to Expert Witnesses, issued Nov. 23, 2020, at 9; Fee App'n, tab B, at 40.  Accordingly, his invoice is reduced by 10 percent.  See Domke v. Sec'y of Health & Hum. Servs., No. 16-307V, 2018 WL 1835330, at *8 n.11 (Fed. Cl. Spec. Mstr. Mar. 12, 2018) (advising Dr. Axelrod that "further invoices should contain more detail regarding the work performed").

Therefore, a reasonable amount for Dr. Axelrod's work is $14,058.00. Counsel should make efforts in the future to apprise retained experts of the necessity of more detailed billing records in the future.

Concerning the remaining costs, petitioner has provided adequate documentation supporting them and all appear reasonable in the undersigned's experience.[2] Petitioner is therefore awarded final attorneys' costs of $19,951.09.

D.     Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, the undersigned awards a total of **$57,624.28** (representing $38,285.19 in attorneys' fees and $19,339.09 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Mr. Bruce Slane.

---

[2] The undersigned is satisfied that in the instant case petitioner has provided justification for an in-person meeting. See Petitioner's Status Report, filed January 4, 2023. However, the undersigned notes that due to the increased cost of in-person meetings (travel expenses such as airfare and lodging, time billed for travel, etc.) and the recent proliferation in teleconference technology, an attorney traveling for an in-person meeting may not be reasonable in all circumstances.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.